101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Arthur N. BERNKLAU, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-6134.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT: Arthur N. Bernklau, New York, New York, pro se.
 APPEARING FOR APPELLEE: Richard K. Hayes, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Before MAHONEY, McLAUGHLIN and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Arthur N. Bernklau appeals pro se from an award of summary judgment that dismissed his complaint seeking a declaration of unconstitutionality "as written or applied" with respect to numerous statutory provisions of federal law relating to veterans' affairs. Bernklau contends that these provisions foster "sub rosa" policies and practices of the Department of Veterans Affairs that violate veterans' First and Fifth Amendment rights to due process, equal protection, and meaningful representation.
 
 
 4
 2. A district court has jurisdiction only " 'to hear facial challenges of legislation affecting veterans benefits.' " Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1501 (2d Cir.1992) (quoting Disabled Am. Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 140 (2d Cir.1992) (emphasis added in Larrabee ). Because the district court correctly concluded that Bernklau's complaint constituted "a challenge to how the Veterans Administration operate[s], not to the statute[s] on [their] face," we affirm the judgment of the district court substantially for the reasons set forth on the record below. See Bernklau v. United States, No. CV 93-2675 (S.D.N.Y. May 19, 1995) (bench ruling); cf. Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir.1994) ("[T]he courts do not acquire jurisdiction to hear challenges to [veterans'] benefits determinations merely because those challenges are cloaked in constitutional terms."), cert. denied, 115 S.Ct. 2245 (1995). We note that because the district court dismissed for want of subject matter jurisdiction, the dismissal does not constitute an adjudication on the merits. See Fed.R.Civ.P. 41(b).